UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALYCE HENDRICKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:08-cv-2077-P |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on November 21, 2008. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On June 16, 2004, plaintiff Alyce Hendrickson (hereinafter "Plaintiff" or "Hendrickson") filed an application for disability insurance benefits claiming disability due to various impairments including fibromyalgia, tendonapathy in right heel, depression, and bilateral trochantenic bursitis in both feet (Administrative Record (hereinafter "Tr.") at 18, 120-122, 135). She alleged a disability onset date of August 28, 2000, which she later amended to April 15, 2001. (Tr. 19, 120). She last met the disability insured status requirements of the Social Security Act on March 31, 2006. Her claim was denied by the state agency initially and on reconsideration, after which she requested a hearing before an Administrative Law Judge ("ALJ").

ALJ Larry Weber conducted a hearing on May 9, 2006, at which Plaintiff appeared with

counsel and testified on her own behalf. (Tr. 46, 1030-1065). The ALJ also received the testimony of Vocational Expert ("VE") Shelly Eike. *Id*. On September 29, 2006, the ALJ denied Plaintiff's request for benefits, finding, based on the testimony of the VE, that her medically determinable impairments would not preclude her from performing unskilled work existing in significant numbers in the regional and national economy, such as "office helper", "cashier", and "furniture rental consultant". (Tr. 52-53). Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on February 9, 2007, the Appeals Council remanded her case for a new decision.[1] (Tr. 19, 57-59).

ALJ Ward King conducted a hearing on September 11, 2007, at which Plaintiff appeared with counsel and testified on her own behalf. (Tr. 19, 1004-1029). The ALJ also received the testimony of VE Rebecca Hayes. *Id*. On May 29, 2008, the ALJ denied Plaintiff's request for benefits. (Tr. 19-29). He found that during the adjudicative period of April 15, 2001 - March 31, 2006, Plaintiff had a combination of severe impairments including degenerative joint disease, dysthymia, a history of fibromyalgia, anxiety disorder, and alcohol abuse in partial remission; that her combination of impairments did not meet or medically equal a listed impairment; and that she retained the residual functional capacity ("RFC") to perform unskilled, light work with additional limitations. *Id*. He therefore found that Hendrickson was not disabled and denied her request for benefits. (Tr. 29). Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on October 29, 2008, the Appeals Council denied her request. (Tr. 3-5). Therefore, ALJ King's decision became the Commissioner's final decision for purposes of

---

[1] In remanding the case, the Appeals Council stated the decision failed to "clearly identify the combination of impairments considered severe", did not provide sufficient rationale with references to the record in support of the assessed limitations, and did not include an adequate discussion of the Department of Veteran's Affairs rating of disability. (Tr. 58).

judicial review.  *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on November 21, 2008.  Defendant filed an answer on January 23, 2009.  On March 26, 2009, Plaintiff filed her brief, followed by Defendant's brief on June 17, 2009.

Standard of Review - Social Security Claims:  When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence.  *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)).  "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment.  *Villa*, 895 F.2d at 1022 (citations omitted).  Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive.  *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

Discussion:    To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing that she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 404.1505.  Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done

(or intended) for pay or profit." 20 C.F.R. § 404.1510.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). This burden may be satisfied either by reference to the Medical-Vocational Guidelines ("Grid Rules") of the regulations, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, or by expert vocational testimony or other similar evidence. *See*, *e.g.*, *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the present case, ALJ King proceeded to step five. He noted that Hendrickson was 49 years old as of April 15, 2001, her alleged disability onset date, (Tr. 19), and that she had a high school education and semi-skilled work history. (Tr. 28). The ALJ found that Hendrickson had a severe combination of impairments during the adjudicative period April 15, 2001 through March 31, 2006, to wit: "degenerative joint disease; dysthymia; a history of fibromyalgia; anxiety disorder; and alcohol abuse in partial remission." (Tr. 21). He found that Hendrickson would be unable to perform her past relevant work as an Army Supply Sergeant. (Tr. 28). He found, based on the testimony of the vocational expert and considering Hendrickson's residual functional capacity ("RFC") for a modified range of light work, (Tr. 22), her age, education, and work experience, that there are a significant number of jobs in the economy that she could

perform, including the jobs of "cashier, "storage facility rental clerk", and "ticket seller".  (Tr. 28-29).  The ALJ therefore concluded that Hendrickson was not under a disability and denied her claim for benefits.  (Tr. 28-29).

Plaintiff alleges several errors by the ALJ.  First, she argues the ALJ failed to give weight to the opinions of her treating physician, Dr. Betina Fehr, M.D.  Second, she argues the ALJ failed to give proper consideration to the disability rating decision of the Department of Veterans Affairs.  Third, she argues the ALJ relied on flawed testimony from the vocational expert.  Fourth, she argues the ALJ failed to properly evaluate her credibility.  For the reasons discussed below, the court finds the ALJ's decision is supported by substantial evidence in the record and the proper legal standards were applied in evaluating the evidence.

**First**, Hendrickson argues the ALJ failed to give proper weight to the opinions of her treating physician, Dr. Betina Fehr, M.D.  In his decision, the ALJ stated he "considered Dr. Bettina Fehr's opinions in February and July 2005 and in January 2007" that Hendrickson was totally disabled.  (Tr. 25).  The ALJ then provided a summary of Dr. Fehr's treatment of Hendrickson from 2004-2007.  *Id*.  He noted that throughout the period of treatment, Dr. Fehr's records reflect a pattern of Hendrickson's depression being successfully treated with medication and often in remission.  *Id*.  He compared the treatment records to Hendrickson's own testimony in May 2006 in which she reported taking medication, seeing a medical professional about twice a year, and described a wide range of daily activities that she performs.  *Id*.; Tr. 1047-1050, 1054-1058.  The ALJ found that "Dr. Fehr's opinions are directly contradicted by her own treatment notes and the medical record generally."  *Id*.[2]  He then concluded that Dr. Fehr's

---

[2] As a veteran Hendrickson was entitled to medical services and treatment at the Veterans Administration ("V.A.") hospital.  The bulk of the administrative record in this case

5

opinion that Hendrickson is disabled "warrants no weight". *Id.*

On October 28, 2004, Dr. Fehr diagnosed Hendrickson with dysthymic disorder in remission one episode, but did not report that the condition was disabling. (Tr. 566-568). On February 7, 2005, Dr. Fehr completed a psychiatric impairment questionnaire, stating she "could not determine for sure" whether Hendrickson was "incapable of even 'low stress'" or "capable of low stress" in a work setting, and stating "anxiety, depression and pain are stress sensitive and get worse under stress." (Tr. 318). During her first ALJ hearing on May 9, 2006, Hendrickson testified regarding her activities of daily living, stating that she does some driving, cooks meals, shops, does her own laundry, makes beds, can vacuum but it causes pain, does some minimal yard work until it causes pain, goes to church three times a week and participates in bible studies and choir, and takes care of all her personal hygiene needs. (Tr. 1054-57). On January 24, 2007, Dr. Fehr completed a psychiatric impairment questionnaire, stating Hendrickson "is disabled since many years, unemployable; has been determined 100% disabled & unemployable by VA." (Tr. 612). However, on the preceding page, Dr. Fehr listed Hendrickson as capable of low work stress, stating she "is able to function with daily living needs and taking care of her personal hygiene and finances; under work stress [she] has decompensated several times in past." (Tr. 611A). On April 24, 2007, Dr. Fehr reported Hendrickson's mental condition was improved and in partial remission. (Tr. 620).

"[T]he ALJ is free to reject the opinion of any physician when the evidence supports a

---

consists of V.A. records which span a period from July 2001 through May 2007, which is inclusive of her last date of SSI coverage. (Exhibits 9F, 11F, and 13F; Tr. 320-576, 579-605, 613-626). Dr. Fehr was one of no fewer than eight V.A. doctors who saw Plaintiff over this time span. The records further disclose that she was most frequently seen by Dr. Cheryl K. Sampson, M.D. With the exception of Dr. Fehr, none ever expressed an opinion that Hendrickson was "disabled" as defined in the Social Security Act.

6

contrary conclusion." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir.2000); *see also Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir.1994). Furthermore, the determination that a claimant is unable to work is a legal conclusion reserved exclusively to the Commissioner; *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003); *see also* 20 C.F.R. § 404.1527(e)(1). It is clear from the ALJ's opinion that he considered the opinion of Dr. Fehr, and his decision to reject the Doctor's opinion that Hendrickson is disabled is supported by substantial evidence in the record.

**Second**, Hendrickson argues that the ALJ failed to properly consider the Department of Veterans' Affairs (VA) disability rating. Regarding the VA disability determination, the ALJ stated "the evaluation process of that agency clearly uses a different definition of disability than does the Social Security Administration. While I have considered this disability rating, I do not find that it warrants a finding that Ms. Hendrickson is unable to perform any level of substantial gainful activity." (Tr. 22). Determinations of disability made by another governmental agency, in this case the VA, are not binding on the ALJ. 20 C.F.R. § 404.1504. "A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). The ALJ's decision clearly states that he considered the decision of the VA and ultimately determined that Hendrickson did not meet the requirements for disability under the Social Security Act. (Tr. 22). His finding is supported by substantial evidence and the proper legal standards were applied.

**Third**, Hendrickson argues that the ALJ relied upon flawed testimony from the vocational expert. In his decision, the ALJ determined that Plaintiff's residual functional

7

capacity limits her to "jobs requiring no extensive and involved contact with the public; e.g., no negotiating, selling, or resolving customer complaints for an employer; and she cannot perform jobs requiring extended concentration." (Tr. 22). In his hypothetical to the VE, the ALJ precluded jobs "requiring extensive concentration", "involving extensive and involved public contact", and job involving "negotiations", "sales", or "[r]esolving customer complaints". (Tr. 1024). Based on the limitations described to the VE, she identified the jobs of "cashier", "storage facility rental clerk", and "ticket seller" as being available. (Tr. 1025). Plaintiff's attorney then asked the VE whether an employee "unable to accept instructions" or "markedly limited" in their ability to "respond appropriately to criticism from supervisors" would be precluded from work, to which the VE responded "[c]ould be, yes." (Tr. 1028). However, the ALJ did not incorporate that additional limitation into his RFC assessment. The ALJ's hypothetical to the VE incorporated all of the limitations that he ultimately found Plaintiff to have. He properly exercised his responsibility as fact finder in weighing the evidence and in incorporating limitations into his RFC assessment that were supported by the record. "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). Therefore, the ALJ's RFC determination is supported by substantial evidence.

**Fourth**, Hendrickson argues that the ALJ failed to properly evaluate her credibility. In his decision, ALJ King provided a summary of Hendrickson's testimony at the September 11, 2007 hearing compared to her testimony at the previous hearing held by ALJ Weber on May 9, 2006. (Tr. 26). The ALJ stated that he "considered the element of pain" in assessing Hendrickson's RFC, and "evaluated her subjective complaints in compliance with 20 C.F.R. §

404.1529 and Social Security Ruling 96-7p." (Tr. 27). He considered her daily activities, the "location, duration, frequency, and intensity of her pain and other symptoms", factors exacerbating her symptoms, her medication, and other measures or treatments she has implemented to relieve pain or other symptoms. *Id*. The ALJ noted that Hendrickson "enjoys a wide range of daily activities which are not limited to the extent one would expect, given her complaints of disabling symptoms and limitations." *Id*. He also stated that noncompliance with medical treatment "further called into question" her credibility, determined her daily activities "do not reflect a severely depressed or anxious individual who is severely limited physically or mentally", and noted "that her activities are possible even considering the combination of her impairments." *Id*.

"It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). The determination whether a claimant is able to work despite some pain "is within the province of the administrative agency and should be upheld if supported by substantial evidence." *Id*. Moreover, pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). In the Fifth Circuit, an ALJ must give reasons for rejecting a claimant's subjective testimony only where the evidence clearly favors the claimant. *Id*. In this case, the ALJ considered the objective medical evidence, diagnoses and opinions, plaintiff's age, education, and work history, and plaintiff's subjective evidence in reaching his determination. (Tr. 11-20). His findings of fact are supported by substantial evidence.

9

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and its judgment DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 4th day of September, 2009.

                                             WM. F. SANDERSON, JR.
                                             UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.