IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| ALYCE HENDRICKSON, | § § § § | |
| v. | § | NO. 3:08-CV-2077-P |
| MICHAEL J. ASTURE, Commissioner of Social Security | § § § § | |

## ORDER

This is an appeal from a denial of social security disability insurance benefits. The magistrate judge filed his Findings, Conclusions, and Recommendation on September 4, 2009, and Plaintiff filed objections to the report on September 18, 2009. Plaintiff, a veteran, reported a variety of medical and mental health issues which she maintains resulted in her disability. An Administrative Law Judge ("ALJ") denied plaintiff's application for disability benefits, and the magistrate judge found no error in the ALJ's decision. Plaintiff makes four objections to the magistrate judge's report, the primary one being that the ALJ failed to give proper weight to the opinions of plaintiff's treating psychiatrist. Plaintiff further objects to the ALJ's failure to properly consider the VA's disability rating, to properly evaluate plaintiff's credibility, and his reliance on flawed vocational expert testimony. For reasons that follow, the court overrules plaintiff's objections and accepts the findings of the magistrate judge.

As noted by the magistrate judge, the ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000) (internal citations omitted). Further, the determination that a claimant is unable to work is

a legal conclusion reserved exclusively to the Commissioner. *Frank v. Barnhart*,326 F.3d 618, 620 (5th Cir. 2003). Plaintiff was treated for her mental health issues by Dr. Betina Fehr, M.D., a licensed psychiatrist who had treated plaintiff since 2004. Dr. Fehr reported in July 2005 and January 2007 that plaintiff was totally disabled. In her January 2007 report, Dr. Fehr noted that plaintiff had "struggled with disability depression and anxiety for years" which together with her other medical problems "led to unemployability since 1997". Plaintiff contends that the ALJ did not give proper weight to the opinion of Dr. Fehr and that the magistrate judge's report does not cite substantial medical evidence to contradict the opinion of Dr. Fehr because there is no such evidence. Plaintiff further maintains that the ALJ failed to consider each of the § 404.157(d) factors before rejecting Dr. Fehr's opinion. *Newton v. Apfel,* 209 F.3d at 456. Lastly, plaintiff argues that the ALJ improperly relied on plaintiff's ability to perform daily activities at home and church to determine that she was not disabled.

The record establishes that the ALJ considered the § 404.157(d) factors, and his decision to reject Dr. Fehr's opinion is supported by substantial medical evidence and the record as a whole. The section 404 factors include: (1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *Id.* (internal citations omitted). The ALJ noted that Dr. Fehr had treated plaintiff since 2004 and noted some of the dates Dr. Fehr saw plaintiff. (T. 25). This addresses factors 1, 2, and 3. The ALJ also referred to various reports in the medical record that he found did not support Dr. Fehr's opinion. *Id.* This addresses factor 4. The ALJ considered plaintiff's

testimony regarding the limitations on her daily activities and determined that plaintiff's symptoms "suggest a greater severity of impairment than can be shown by the medical evidence alone." (T. 27). The ALJ further noted that plaintiff enjoyed "a wide range of daily activities which are not limited to the extent one would expect, given her complaints of disabling symptoms and limitations." *Id.* Finally, the ALJ considered plaintiff's mental impairment in light of the record as a whole and determined that plaintiff' mental impairment did not significantly impair her ability to engage in substantial gainful employment. (T. 24-25). These findings by the ALJ address factor 5. Although the ALJ did not specifically discuss factor 6, the record is clear that Dr. Fehr is a psychiatrist, and this was undoubtedly considered by the ALJ in making his findings.

     Dr. Fehr reported that plaintiff's depression and anxiety together with her other medical problems led to her "unemployability since 1997". The ALJ's rejection of this opinion is supported by the evidence in the record. The record establishes that plaintiff worked until 2001. Plaintiff reportedly quit working at that time because she was experiencing debilitating pain. There is nothing in the record indicating that plaintiff's mental health issues played any role in her decision to stop working in 2001. The record also shows that in 2004 plaintiff's anxiety was not serious enough to warrant taking medication. Because Dr. Fehr's opinion was not supported by the medical evidence of record and is not consistent with the record as a whole, the ALJ acted within his discretion in not accepting her opinion. *Newton v. Apfel,* 209 F.3d at 455. Lastly, contrary to plaintiff's argument, there is no indication that the ALJ relied exclusively on plaintiff's daily activities in concluding plaintiff was not disabled. *see Griego v. Sullivan*, 940 F. 2d 942, 945 (5th Cir. 1991).

The ALJ's discussion of the VA's disability determination is brief and conclusory. (T. 22).  However, his decision as a whole, supported with references to medical and other evidence in the record, provides ample explanation for the ALJ's decision to find plaintiff was not disabled and for not accepting the VA's determination.

The court has reviewed plaintiff's remaining objections and finds them without merit. Plaintiff's objections are overruled, and the court accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

SO ORDERED.

Signed this 13th day of July 2010.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE